IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBBY ROBERSON, Personal
Representative of the ESTATE OF
DOROTHY M. ROBERSON, a Citizen of
the State of New Mexico, and
ROB-O-CO, Inc., a New Mexico
Corporation,
                        Plaintiffs,

v.                                                               Civ. No. 09-795 JCH/WDS

LEE B. FARKAS, a Citizen of the State of
Florida,
                        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's *Motion to Dismiss No. 1: Dismissal Based on the Lack of Personal Jurisdiction*, filed October 23, 2009 [Doc. 24]. The Court having considered the motion, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that Defendant's motion is not well-taken and should be DENIED.

## BACKGROUND

This case arises from a long-standing business and personal relationship between Defendant and Dorothy Roberson. Plaintiff Robby Roberson, a citizen of New Mexico, is the Personal Representative of the Estate of Dorothy Roberson. During her lifetime, Ms. Roberson was a citizen of New Mexico and was the sole shareholder of Plaintiff ROB-O-CO, Inc. ("ROC"). Her estate is now ROC's sole shareholder. Plaintiffs contend that Defendant failed to honor his guarantee of payment obligations owed to Ms. Roberson under a loan agreement and that he converted certain stock owned by Plaintiffs. On August 13, 2009, Plaintiffs filed their Complaint

against Defendant, asserting claims for Conversion, Fraud, Imposition of Constructive Trust, Breach of Contract, Breach of the Implied Duties of Good Faith and Fair Dealing, Accounting, and Tortious Concealment.  *See* Complaint [Doc. 1].

Although Defendant resided in New Mexico until 1984, he has apparently resided continuously in Florida since 1986.  Until August 23, 2009, Defendant served as the Chairman of the Board of Taylor, Bean & Whitaker Mortgage Corp. ("TBW"), a Florida corporation.  TBW is a mortgage lender and servicer and was allegedly among the top ten wholesale lenders in the United States, servicing a portfolio exceeding $65 billion.  According to Plaintiffs, Ms. Roberson invested in TBW by purchasing a certain amount of TBW stock from 1992 through 1996.[1]  Additionally, in 1994, Ms. Roberson allegedly loaned $100,000 to TBW in exchange for a percentage of TBW's future loans.  It is these stock purchases and the loan agreement that form the basis for Plaintiffs' cause of action against Defendant.  Defendant contends that any of his efforts to solicit Ms. Roberson's investments in TBW were undertaken as a corporate officer of TBW rather than as an individual, that he did not travel to New Mexico, or send any letters or make any telephone calls to Ms. Roberson in the State of New Mexico to solicit her investments, and that all decisions made by the management of TBW to enter into agreements with Ms. Roberson were made in Florida.  Thus, Defendant contends that he lacks sufficient contacts with New Mexico to vest this Court with jurisdiction.

## ANALYSIS

Defendant contends that this case should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(2),

---

[1] The predecessor corporation to Taylor, Bean & Whitaker Mortgage Corp. appears to have been named TBW, Inc.  Although Ms. Roberson may have owned stock in both the predecessor and successor entities, for ease the Court will refer to her holdings in both entities as simply holdings in TBW.

because the Court lacks personal jurisdiction over him.  That a defendant must be subject to a court's personal jurisdiction before a judgment can be rendered against him is required by the 14th Amendment's Due Process Clause.[2]  *See World Wide Volkswagen v. Woodson*, 444 U.S. 286, 291 (1980).  In order to be subject to personal jurisdiction, a non-resident defendant must have "minimum contacts" with the forum, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  In a diversity action, such as this one, a federal court has personal jurisdiction over non-resident defendants only to the extent that the forum state's long-arm statute permits.  *See Fid. and Cas. Co. v. Philadelphia Resins Corp.*, 766 F.2d 440, 442 (10th Cir. 1985).  New Mexico's long-arm statute is coextensive with the 14th Amendment's Due Process Clause, such that if jurisdiction is permitted under the Due Process Clause, it is also authorized by the long-arm statute.  *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); *Tercero v. Roman Catholic Diocese of Norwich*, 132 N.M. 312, 316 (N.M. 2002).

The standard governing a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) is well established.  When a defendant challenges the Court's jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction exists.  *See McNutt v. Gen. Motors*

---

[2] On October 6, 2009, the Clerk of Court entered a Default against Defendant due to his failure to timely respond to this suit.  Defendant has moved to set aside the Clerk's Entry of Default, claiming that he was never properly served.  *See Motion to Set Aside the Court Clerk's Entry of Default*, filed October 9, 2009 [Doc. 23].  This motion will be addressed in a separate opinion.  Before this Court can enter a default judgment against a defendant, it must first determine whether it has personal jurisdiction over the defendant.  *See Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).  Having made its determination that it has personal jurisdiction over Defendant, the Court is now free to enter default judgment against Defendant if it is convinced that entry of default is proper.

*Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). In the preliminary stages of litigation, this burden is "light" and, prior to trial, a "plaintiff is only required to establish a prima facie showing of [personal] jurisdiction." *Doe v. Nat'l Med. Serv.*, 974 F.2d 143, 145 (10th Cir. 1992).

Defendant claims that the Court does not have "general jurisdiction" of the type that would arise if his contacts with New Mexico were so "continuous and systematic" that the Court could exercise personal jurisdiction over him even if the underlying suit is unrelated to his contacts with the state. *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532-33 (10th Cir. 1996). Nor, he claims, does the Court have "specific jurisdiction" such that the cause of action arises from a particular transaction of business or commission of a tortuous act in which the defendant "purposely avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Rather, he contends, what few contacts he has had with New Mexico in the past 20 years have been in his capacity as a corporate officer of TBW rather than as an individual, and all of his actions relating to the stock sales and loan agreement at issue in this case occurred outside of New Mexico. However, as Defendant admits, a party may consent to personal jurisdiction by including a forum selection clause within a contract, and such clauses are typically viewed as prima facie establishment of personal jurisdiction over a defendant. *See* Defendant's Motion to Dismiss Based on Lack of Personal Jurisdiction [Doc. 24] (hereinafter "Def't. Mot.") at 18 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985); *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). The Court finds it has jurisdiction over Defendant on this basis, and thus the Court need not analyze Defendant's contacts with New Mexico.

One of the contracts on which Plaintiffs base their suit is a loan agreement between

Plaintiff ROC and TBW, wherein, in exchange for $100,000 of cash collateral put up by ROC, TBW became obligated to pay ROC a fee based on a percentage of certain loans that it made in the future. *See* loan agreement, attached as Ex. 10 to Complaint [Doc. 1] at 1-2, ¶ 2 (hereinafter "Agreement"). This Agreement contains a forum selection clause that reads as follows: "Governing Law. This Agreement shall be governed by and construed in accordance with the law of the State of New Mexico. TBW and Malmin hereby consent to the jurisdiction of any court located in the State of New Mexico." *Id*. at 5, ¶ 11. The Agreement included a Personal Guaranty, signed by Defendant, that reads as follows: "The undersigned unconditionally guarantee and agree to perform all obligations owed by TBW to [ROC] under this Agreement." *Id*. at 6. In addition, Defendant signed an identical Personal Guarantee as part of an Addendum to the initial Agreement, signed March 9, 1994. *See* Ex. 11, attached to Complaint [Doc. 1] at 2. This Addendum included a paragraph that read as follows: "Except as modified herein, all other terms and conditions of the Agreement entered into on March 3, 1994 remain the same and are hereby affirmed." *Id*. at ¶ 3. The Addendum did not address the forum selection clause so, by definition, that clause remained part of the Agreement personally guaranteed by Defendant.

Because the requirement of personal jurisdiction "is a waivable right, there are a 'variety of legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of the court.'" *Burger King*, 471 U.S. at 472 n. 14 (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)). Thus, "[w]here such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972), their enforcement does not offend due process." *Id*. Forum selection clauses, such as the one placed in the Agreement, are "prima facie valid," and the party resisting their enforcement bears a "heavy

burden" to show that the provision is the result of fraud or overreaching or that enforcement would otherwise be unreasonable or unjust. *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992). A claim that a forum selection clause is unreasonable or unjust based on the inconvenience of the forum should be upheld only if the inconvenience is "so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice." *Id*. at 958.

  Defendant does not contend that the forum selection clause in the Agreement is the result of fraud, undue influence, or bad faith. Indeed, he has presented no evidence that the clause is anything other than a freely negotiated term in a contract entered into by sophisticated parties. Instead, Defendant characterizes the forum selection clause as "permissive" rather than "mandatory," and argues that it is therefore not dispositive on the issue of consent to personal jurisdiction. *See* Def't Mot. at 19. He further claims that this circuit has held that permissive forum selection clauses are not enforceable, citing *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengellschaft ("BMW")*, 314 F.3d 494, 498 (10th Cir. 2002). *See id*. This contention demonstrates a fundamental misunderstanding of permissive forum selection clauses in general, and *K & V Scientific* in particular.

  *K & V Scientific* involved a contract between a New Mexico plaintiff and a German defendant. The contract contained a clause, inserted by the defendant, which stated in part: "Jurisdiction for all and any disputes arising out of or in connection with this agreement is Munich." *See K & V Scientific*, 314 F.3d at 496. Claiming that the defendant had failed to compensate him for his work, the plaintiff filed suit in New Mexico state court. The defendant removed the case to federal court, and sought to dismiss it for lack of personal jurisdiction and improper venue. The district court granted the defendant's motion to dismiss, concluding that the

6

forum selection clause in the contract was unambiguous and demonstrated the parties' intent to locate jurisdiction of any action solely in Munich.  *See id*. at 497.  The Tenth Circuit held that the clause in question was permissive rather than mandatory, and thus refused to find that Munich was the exclusive jurisdiction in which the suit could be brought.  In doing so, the court recognized the difference between mandatory forum selection clauses, which "contain clear language showing that jurisdiction is appropriate only in the designated forum," and permissive ones, which "authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere."  *Id*. at 498 (quoting *Excell, Inc. v. Sterling Boiler and Mech., Inc*., 106 F.3d 318, 321 (10th Cir. 1997).

Assuming that the forum selection clause at issue in this case is permissive rather than mandatory, as appears to be the case, this does nothing to advance Defendant's argument that he did not consent to personal jurisdiction in New Mexico courts.  The *K & V Scientific* court did not hold, as contended by Defendant, that permissive forum selection clauses are unenforceable.  To have done so would mean that it viewed such clauses as complete nullities, with no legal force.  Instead, the court simply stated that, because the forum selection clause at issue did not mandate exclusive jurisdiction in Munich, jurisdiction was also permissible in the plaintiff's chosen forum of New Mexico.  The ruling was not based on a finding that permissive forum selection clauses are unenforceable, but rather only on a finding that a defendant cannot use a permissive clause to foreclose jurisdiction in a plaintiff's chosen forum where jurisdiction is otherwise valid.

The facts of this case are directly the opposite.  Here, Plaintiffs are not claiming that New Mexico courts are the exclusive jurisdiction for this case, but rather are only contending that Defendant has consented to the personal jurisdiction of the New Mexico courts based on the permissive forum selection clause.  The *K & V Scientific* court explicitly approved of such a result

in recognizing that "permissive forum selection clauses *authorize jurisdiction* in a designated forum." *Id.* (emphasis added).  Simply because the jurisdictional grant provided by a permissive forum selection clause is not exclusive does not make it any less obligatory.  *See*, *e.g., King v. PA Consulting Group, Inc.*, 78 Fed. App'x. 645, 648 (10th Cir. 2003) (a permissive forum selection clause prevents parties from denying a court's personal jurisdiction over them; the fact that jurisdiction is not exclusive does not mean that it is not binding).   Thus, while the permissiveness of the forum selection clause means that Defendant could not insist on the exclusive jurisdiction of New Mexico courts if Plaintiffs had filed suit elsewhere (the fact situation presented by *K & V Scientific*), it does not give Defendant the opportunity to escape the jurisdiction to which he consented in signing a contract that contained the clause.

Additionally, the fact that Defendant was a guarantor to the Agreement, rather than a named party, does not change the conclusion that he consented to this Court's jurisdiction.  The Personal Guaranty signed by Defendant "unconditionally" guarantees that he will "perform all obligations owed by TBW to [Plaintiff ROC] under this Agreement."  Agreement, attached as Ex. 10 to Complaint [Doc. 1] at 6.  Because one of TBW's obligations under the Agreement was its willingness to consent to New Mexico jurisdiction, Defendant's personal unconditional assumption of all of TBW's obligations necessarily assumes this consent as well.  *See Electronic Realty Associates, L.P. v. Vaughan Real Estate, Inc.*, 897 F. Supp. 521, 523 (D. Kan. 1995); *United Airlines, Inc. v. ALG, Inc.*, 873 F. Supp. 147, 151-52 (N.D. Ill. 1995); *Ameritrust Co. Nat'l Ass'n v. Chanslor*, 803 F. Supp. 893, 896 (S.D.N.Y. 1992); *Lemme v. Wine of Japan Import, Inc.*, 631 F. Supp. 456, 460-61 (E.D.N.Y. 1986).  Had Defendant, a sophisticated businessman, sought to avoid subjecting himself to the jurisdiction of New Mexico courts through the execution of the unconditional personal guaranty, he could have attempted to negotiate a separate choice of law

provision or forum selection clause in the guaranty.  *See Lemme*, 631 F. Supp. at 461.  By failing to do so, Defendant indicated his willingness to be bound by all aspects of the Agreement, including the consent to New Mexico jurisdiction.  It seems "only realistic to assume that [Defendant's] guarantee was an important inducement" for Plaintiffs to enter into the Agreement.  *Id*.  Defendant thus cannot avoid one of the aspects of the Agreement that he endorsed and on which Plaintiffs may well have relied in entering into the Agreement.  The Court finds that Defendant has waived his right to contest personal jurisdiction.  Because the Court finds that personal jurisdiction exists based on Defendant's consent through the forum selection clause, it need not perform an analysis of the evidence that Plaintiffs have presented regarding Defendant's contacts with the state.[3]  *See Electronic Realty Associates*, 897 F. Supp. at 523; *Werner v. Wal-Mart Stores, Inc.*, 116 N.M. 229, 233 (Ct. App. 1993).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Dismiss Based on Lack of Personal Jurisdiction* [Doc. 24] is DENIED.

_____

**UNITED STATES DISTRICT JUDGE**

---

[3] Although an analysis of Defendant's contacts with New Mexico is not necessary, the Court notes that Defendant sent a letter to Plaintiff Robby Roberson in New Mexico imploring him to endorse the loan agreement that ultimately became one of the subjects of this suit.  *See* letter attached as Ex. 1 to Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss [Doc. 33].  Defendant signed this letter simply as "Lee," without any indicia that he was acting in his capacity as a corporate officer of TBW.  The Court observes, without finding, that this deliberate direction of contact toward a New Mexico resident, with the objective of procuring a loan that ultimately became part of the basis for this cause of action, could be sufficient to create specific jurisdiction over Defendant.